## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**SIGNATURE FLIGHT SUPPORT LLC,**

    **Plaintiff,**

v.                                                                                Case No: 5:25-cv-469-GAP-PRL

**ANTHONY CELLA, SONNY LEE, SHIANTI ANDERSON, RAMZI ALAFANDI, and SIGNATURE FLIGHT SUPPORT LLC SIGNATURE PLAZA,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Leave to Serve Via Electronic Mail and Other Alternative Means filed by Plaintiff Signature Flight Support LLC ("SFS" or "Plaintiff"). (Doc. 18). Plaintiff seeks leave from the Court to allow alternative service means for effectuating service on (1) Defendant Ramzi Alafandi a/k/a Ramsey Alafandi ("Alafandi") via email to his identified email addresses and counsel who represents his corporation in pending litigation, and (2) Defendant Shianti Anderson ("Anderson") via email and mail to the Office of the Registrar at Morgan State University. For the reasons explained below, Plaintiff's motion is due to be granted in part and denied in part, with leave to effectuate alternative service of process as to Alafandi only.

**I.    BACKGROUND**

Plaintiff licenses several U.S. registered trademarks ("SFS Marks") from an affiliate company, Signature Flight Support UK Regions Limited, in connection with its business that operates fixed base operations, providing general aviation ground support services at more than 200 airports around the globe. (*See* Doc. 2 at p. 2; Doc. 2-3). Defendants Alafandi, Anderson, Anthony Cella ("Cella"), and Sonny Lee ("Lee") (collectively, the "Individual Defendants") have allegedly undertaken a conspiracy to imitate SFS, filing false and fraudulent annual reports on behalf of SFS with the Florida Division of Corporations ("FDOC"), and misrepresenting themselves as representatives of SFS to induce the Internal Revenue Service to send them checks totaling nearly $3 million for payments due to SFS. (*See* Doc. 1-3; Doc. 2 at pp. 2-3, 6).

On July 25, 2025, Plaintiff filed this action against the Individual Defendants and Signature Flight Support LLC Signature Plaza ("Plaza") (collectively, the "Defendants"), and simultaneously moved for a temporary restraining order ("TRO") by filing an *Ex Parte* Motion for TRO. (Docs. 1 & 2). The Complaint alleges that Defendants have engaged in an ongoing conspiracy to imitate SFS to steal money from SFS, asserting claims for trademark infringement, false designation of origin, cybersquatting, conversion, and conspiracy. (*See generally* Doc. 1). Plaintiff's Motion for TRO sought to enjoin Defendants from continuing to use the SFS Marks, falsely misrepresenting themselves as agents or representatives of SFS before third parties, directing Defendants to notify third parties of their misrepresentations, directing Defendants to dissolve Plaza, and prohibiting Defendants to submit any documents on behalf of SFS to the FDOC. (Doc. 2 at pp. 20-21).

On July 29, 2025, the Court issued a TRO pending the issuance of a preliminary injunction ("PI"). (Doc. 10). Relevant here, in granting Plaintiff's Motion for TRO in part, the Court ordered Plaintiff to "serve a copy of this Order, along with all other documents required under Local Rule 6.01(c), on the Defendants by expeditious means and certify to the Court, no later than 7 days after the date of this Order, that service has been effected, or if service has not been effected, describe the efforts made to effect service." (*Id.* at pp. 11-12). That Order also, among other things, took Plaintiff's request for a preliminary injunction under advisement, gave Defendants an opportunity to file a written response by August 8, 2025, and set a hearing on August 12, 2025, for Defendants to show cause why the TRO should not be converted to a preliminary injunction. (*Id.* at p. 12).[1]

Pursuant to this Court's July 29, 2025 Order, Plaintiff filed a Certification Regarding Service on August 5, 2025, stating that it served Plaza on July 31, 2025 (*see* Doc. 16), Lee on August 1, 2025 (*see* Doc. 15), and Cella on August 1, 2025 (*see* Doc. 17). (Doc. 14 at pp. 1-2). In its certification, Plaintiff indicated that it was unsuccessful in serving Alafandi and Anderson at their last known addresses, and as a result, it had initiated a skip trace to locate both Alafandi and Anderson for service. (Doc. 14 at pp. 1-2).

---

[1] Defendants did not file a written response, nor did they make an appearance at the August 12, 2025 hearing. (*See generally* Docket; Doc. 19). Following the hearing, on August 12, 2025, the Court converted the TRO into a preliminary injunction, ordering Defendants temporarily enjoined and restrained until further order from the following: (1) "using the terms 'SIGNATURE,' 'SIGNATURE FLIGHT SUPPORT,' and any stylized versions thereof in connection with any actual or purported activity"; (2) "adopting the SFS Marks, as listed in Doc 1-1, or any mark confusingly similar to the SFS Marks in connection with any actual or purported activity"; (3) "falsely representing themselves or any of their affiliates to any third party as an agent or representative of SFS, affiliated with SFS, having any authority over SFS, or otherwise being related in any way to SFS"; and (4) "submitting any documents to the Florida Division of Corporations ('FDOC') or Internal Revenue Service ('IRS') purported to be by, for, or on behalf of, SFS (other than the submission of documents to dissolve Plaza)." (Doc. 20).

Plaintiff filed the instant motion on August 11, 2025, one day before the Court's scheduled hearing, contending that it has been unsuccessful in its efforts to serve Alafandi and Anderson. (Doc. 18 at p. 1). With regard to Alafandi, Plaintiff states that it hired a process server to attempt service at Alafandi's last known residential address located at 4652 Via Marina, Unit 203, Marina Del Rey, California 90292 ("Marina Del Rey Residence") on July 30, 2025. (*Id*. at p. 3; *see* Doc. 18-1). The current tenant residing at the Marina Del Rey Residence informed the process server that Alafandi was the prior tenant there and moved out no later than March 2025. (Doc. 18 at p. 3; *see* Doc. 18-1 at p. 3). Plaintiff then performed a search to locate Alafandi using public databases and records, and although the search did not identify any other addresses associated with Alafandi (including his current address), it did reveal other information about Alafandi to Plaintiff. (Doc. 18 at pp. 3-4; *see* Doc. 18-3; Doc. 18-4; Doc. 18-5; Doc. 18-6).

According to an incident report filed with the Sumter County Sheriff's Office on April 5, 2025, Cella told law enforcement that Alafandi used the email address smillin1945@gmail.com to communicate with him in the past. (Doc. 18 at p. 4; *see* Doc. 18-5 at p. 5). Plaintiff also found that Alafandi is the President, Director, and Treasurer of a corporation incorporated in Wyoming called Kenzi Management Inc. ("Kenzi Management"). (Doc. 18 at p. 4; *see* Doc. 18-3 at pp. 2-3). Tellingly, the principal address and mailing address of Kenzi Management are the same as Alafandi's last known address at the Marina Del Rey Residence, where Plaintiff's process server confirmed Alafandi no longer resides. (*See* Doc. 18-3 at p. 3; Doc. 18-1 at p. 3). In connection with the business, Alafandi filed a Certificate of Reinstatement with the Wyoming Secretary of State on April 30, 2025, listing the email address smc55951716@gmail.com in his signature. (Doc. 18 at p. 4; *see* Doc.

18-4 at p. 2). Plaintiff's counsel sent emails to both email addresses without receiving a "bounce back" email. (Doc. 18 at p. 5). Alafandi has not responded to any of the emails. (*Id*.). Plaintiff's counsel contacted Frederic Douglass ("Douglass"), an attorney located in California, who represents Kenzi Management in a separate action pending in the United States District Court for the Central District of California, stating that he did not know Alafandi's current address and is not representing him personally. (*Id*. at pp. 4, 6 n.4; *see* Doc. 18-5). Plaintiff's counsel also attempted to contact Alafandi by phone, but the numbers were disconnected. (Doc. 18 at p. 10).

As for Anderson, Plaintiff states that it hired a process server to attempt service at Anderson's last known residential address located at 1295 Pacific Street, Apt. 3R, Brooklyn, New York 11216 ("Brooklyn Residence") on August 1, 2025 and August 2, 2025. (Doc. 18 at p. 7; *see* Doc. 18-2). On the second attempt to serve Anderson on August 2, 2025, the current tenant residing at the Brooklyn Residence informed the process server that she is the only person who lives there, and that Anderson might have been a prior tenant. (Doc. 18 at p. 7; *see* Doc. 18-2 at p. 3). Plaintiff then performed a search to locate Anderson using public databases and records, and although the search did not identify any other addresses associated with Anderson (including her current address), it did reveal other information about Anderson, including that, among other things, she is approximately 20 years old. (Doc. 18 at p. 7; *see* Doc. 18-7; Doc. 18-8). According to her LinkedIn profile, Anderson is a student at Morgan State University in Baltimore, Maryland, with an expected graduation date in 2026. (Doc. 18 at p. 7; *see* Doc. 18-7 at p. 2). Plaintiff also found that Anderson has a profile on a community HBCUConnect, which indicates that she joined that online community on July 23, 2025, her location is listed as Brooklyn, New York, and that she is a student at Morgan

State University in the class of 2026. (Doc. 18 at p. 7; *see* Doc. 18-8 at p. 2). Plaintiff's counsel contacted Morgan State University requesting information regarding Anderson, but their inquiry has not been answered. (Doc. 18 at p. 9 n. 5).

Based on their unsuccessful attempts to serve Alafandi and Anderson, Plaintiff now asks the Court to authorize myriad forms of alternative service on Alafandi and Anderson. (*Id.* at pp. 1, 9). Plaintiff requests leave to effectuate service on Alafandi, a resident of California, by (1) emailing a copy of the service documents to the email addresses smc55951716@gmail.com and smillin1945@gmail.com; and (2) emailing a copy of the service documents to Douglass. (*Id.* at p. 10). Plaintiff requests leave to effectuate service on Anderson by emailing and mailing a copy of the service documents to the Office of the Registrar at Morgan State University, with instructions to forward such service of process to Anderson. (*Id.* at pp. 1, 9-10).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4, which governs service of process, is designed to "provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality." *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992). Rule 4(e) provides, in pertinent part, that an individual within the United States may be served, among other ways, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). In general, to comply with due process and pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "The decision to approve service by alternative means lies within the Court's discretion." *InkGraph Techno, LLC v. Tripathy*, No. 8:20-cv-2554-SCB-JSS, 2021 WL 1047467, at *1 (M.D. Fla. Feb. 8, 2021) (citing *Berluti SA v. Berlutishoeoutlet.com*, No. 20-60708, 2020 WL 6078055, at *1 (S.D. Fla. Apr. 9, 2020)).

### III. DISCUSSION

#### A. Defendant Alafandi

Plaintiff requests that the Court permit it to proceed with alternative service of process on Alafandi. Pursuant to Rule 4(e)(1), the Court looks to state law in California—the state in which Plaintiff seeks leave to serve Alafandi by alternative means—to determine the sufficiency of the proposed service of process. *See* Fed. R. Civ. P. 4(e)(1). California law provides the following traditional methods of service to an individual: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.50; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* at § 415.50; (3) service by mail with acknowledgment of receipt, *see id.* at § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* at § 415.40; and (5) service by publication, *see id.* at § 415.50. Although the California Code of Civil Procedure does not explicitly authorize service by email, it does provide "a broad framework for alternative means of service" under § 413.30. *See Aevoe Corp. v. Pace*, No. C-11-3215-MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011).

In support of its request that the Court authorize service on Alafandi by email to his identified email addresses and through Douglass, Plaintiff relies on § 413.30, which permits the Court "to direct that the summons be served in a manner which is reasonably calculated

to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." See Cal. Civ. Proc. Code § 413.30. Courts have utilized § 413.30 to permit service by email when the "plaintiff demonstrated reasonable diligence in [their] attempts to serve the defendant[]," and where "service by email is reasonably calculated to give *actual notice* to the defendant[]." *See Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP (SSX), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (emphasis added); *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-480-LB, 2018 WL 3109398, at *4 (N.D. Cal. June 25, 2018); *see also See Creative Intellects v. Haygood*, No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021) (explaining that service by email is "only an appropriate means of service where plaintiffs have reason to believe that a defendant's email address is valid") (citations omitted). In determining whether a plaintiff has exercised "reasonable diligence," courts inquire "whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *See Cisco Sys., Inc*, 2018 WL 3109398, at *3 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)).

Alternative methods of service permitted under Rule 4(e)(1), including service by email, "must also comport with constitutional norms of due process." *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 1016-17 (quoting *Mullane*, 339 U.S. at 314).

In this instance, Plaintiff's attempts to serve Alafandi show reasonable diligence. First, Plaintiff hired a process server who attempted to serve Alafandi at his last known residence—the Marina Del Rey Residence—but learned that Alafandi no longer resides there. (Doc. 18-

1). Second, Plaintiff's counsel attempted to contact Alafandi via email by sending emails to two email addresses, smillin1945@gmail.com and smc55951716@gmail.com, that he has been known to use in the recent past. (Doc. 18 at p. 5). Alafandi did not respond to counsel's emails. (*Id.*). Third, Plaintiff's counsel contacted Douglass to locate Alafandi, but Douglass did not know Alafandi's current address. (*Id.* at pp. 4, 6 n.4). Finally, although it is only briefly mentioned in its Local Rule 3.01(g) certification, Plaintiff's counsel attempted to contact Alafandi by phone, but his phone number seemed to be disconnected. (*Id.* at p. 9). Plaintiff has not been able to locate Alafandi or identify his current address, despite hiring a process server, conducting a skip trace, emailing and calling Alafandi directly, and inquiring with Douglass. In light of the circumstances presented in this case, the Court finds that Plaintiff has made good faith efforts in attempting to locate and serve Alafandi.

Furthermore, service by email appears likely to provide Alafandi with actual notice. Alafandi has previously used the email address smillin1945@gmail.com to communicate with Cella, as evidenced in the incident report filed with the Sumter County Sheriff's Office. (Doc. 18-5). Alafandi has also previously used the email address smc55951716@gmail.com for conducting business activities, as evidenced by a Certificate of Reinstatement he signed and filed with the Wyoming Secretary of State. (Doc. 18-4). When Plaintiff's counsel emailed each of those email addresses, he received no "bounce back" emails. (Doc. 18 at p. 5). Plaintiff therefore contends that it has reason to believe that Alafandi's email addresses are valid (*id.*), and their belief is well-founded. *See Creative Intellects*, 2021 WL 3568237, at *3 (finding that service by email was reasonably calculated to provide defendant with notice of the lawsuit because, in part, plaintiffs' counsel received no "bounce back" emails, which gave plaintiffs reason to believe that defendant's email address was valid). Moreover, Alafandi is the only

officer or director listed publicly on Kenzi Management's latest annual report with the Wyoming Secretary of State (Doc. 18-3), and Douglass currently serves as counsel for Kenzi Management in its pending litigation in the Central District of California (Doc. 18-6), so it is reasonable to conclude that Douglass communicates with Alafandi. Accordingly, for these reasons, the Court finds that service by email to the above email addresses and to Douglass is reasonably calculated to give actual notice to Alafandi.

### B. Defendant Anderson

Plaintiff requests that the Court permit it to proceed with alternative service of process on Anderson. Pursuant to Rule 4(e)(1), the Court looks to state law in Maryland—the state in which Plaintiff seeks leave to serve Anderson by alternative means—to determine the sufficiency of the proposed service of process. *See* Fed. R. Civ. P. 4(e)(1); *see also Hecker v. Gamer*, No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by . . . the state where service is to be effected."). Maryland law provides the following traditional methods of service to an individual: (1) "delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it"; (2) "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion"; and (3) "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting[] 'Restricted Delivery—show to whom, date, address of delivery." *See* Md. Rule 2-121(a).

In support of its request that the Court authorize service on Anderson by email and mail through the Office of the Registrar at Morgan State University, Plaintiff relies on Maryland Rule 2-121(c), which allows alternative methods of service (including by mail and

email) when traditional methods of service have been unsuccessful. *See* Md. Rule 2-121(c). Specifically, Maryland Rule 2-121(c) provides that where the plaintiff demonstrates that its "good faith efforts" to serve the defendant in accordance with Maryland Rule 2-121(a) have not succeeded and Maryland Rule 2-121(b)[2] is "inapplicable or impracticable," a court "may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice" of the lawsuit. *See* Md. Rules 2-121(c). "Indeed, Maryland Rule 2-121(c) . . . may be resorted to, subject only to the constitutional requirement . . . that the means used by the plaintiff be reasonably calculated to give the defendant notice of the proceedings and an opportunity to be heard." *Life Ins. Co. of N. Am. v. Batson*, No. CIV.A.DKC 2003-2126, 2004 WL 540434, at *1 (D. Md. Mar. 16, 2004) (citation and internal quotation marks omitted); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (quoting *Mullane*, 339 U.S. at 314).

In this case, Plaintiff has not demonstrated good faith efforts to serve Anderson by traditional means. Plaintiff failed to establish that Anderson ever resided at the Brooklyn Residence. In fact, the process server's affidavit indicates that the current resident who answered the door at the Brooklyn Residence said that Anderson "*might* be an old tenant" and that she is the only person who currently resides there. (Doc. 18-2 at p. 3) (emphasis added). Moreover, the process server only attempted to effectuate service on Anderson two times, and the first time, no one answered the door at the Brooklyn Residence or at any of the other residents' doors located nearby, and the process server only waited an additional five

---

[2] Maryland Rule 2-121(b) applies when a defendant is evading service, providing that a court may authorize service of process to be made by mail to a defendant's last known address where "proof is made by affidavit that a defendant has acted to evade service." *See* Md. Rules 2-121(b). As Plaintiff has not shown that Anderson has evaded service, service under Maryland Rule 2-212(b) is inapplicable here.

minutes to see if other individuals would pass by, but no one did. (*Id.*). Without more, the process server's encounter with the woman at the Brooklyn Residence is insufficient to warrant alternative service, especially given that she stated that she was not certain whether Anderson even used to live there.

Furthermore, Plaintiff offers little to show that serving the Office of the Registrar at Morgan State University is appropriate or likely to provide Anderson with actual notice of the lawsuit. For starters, Plaintiff has not spoken with an official at Morgan State University or obtained any evidence confirming that Anderson is currently enrolled as a student at the university.[3] Although Morgan State University cannot generally provide a third party with personally identifiable information contained in a student's records absent a court order or subpoena under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g,[4] it may produce "directory information" to include certain information related to a student, such as their name, address, telephone listing, email address, and date and place of birth without the student's consent if certain notice and opt out conditions have been satisfied.

---

[3] Notably, on page 7 in the motion, Plaintiff indicates that "it is highly likely that Defendant Anderson is a student at Morgan State University" based on her profiles on LinkedIn and HBCU Connect, but then on the very next page in the motion, Plaintiff affirmatively states that "Anderson is a student at Morgan State University." (Doc. 18 at pp. 7-8).

[4] Congress enacted FERPA to protect the privacy of students and their parents. *See United States v. Miami Univ.*, 294 F.3d 797, 817 (6th Cir. 2002) (citation omitted); *see also Cafra v. RLI Ins. Co.*, No. 8:14-cv-843-T-17EAJ, 2015 WL 12844288, at *2 (M.D. Fla. Feb. 5, 2015). FERPA conditions the receipt of federal funding by an education agency or institution on its compliance with procedures concerning the keeping of educational records, and these procedures are specifically designed to restrict access to students' educational records by third parties without the parents' or students' consent. *See* 20 U.S.C. §§ 1232g(b), (d). However, the consent requirement under FERPA has exceptions. *See generally* 34 C.F.R. § 99.31. One relevant exception, which Plaintiff cites in its motion (Doc. 18 at p. 9 n.1), is that an agency or institution may disclose records without consent if the disclosure is to comply with a judicial order or lawfully issued subpoena, provided that "the agency or institution makes a "reasonable effort to notify the parent or eligible student of the order or subpoena" before such disclosure "so that the parent or eligible student may seek protective action." *See* 34 C.F.R. § 99.31(a)(9)(i)-(ii).

*See* 34 C.F.R. §§ 99.3 (defining "directory information"), 99.31(a)(11) (providing an exception to FERPA's consent requirement if "[t]he disclosure is information the educational agency or institution has designated as 'directory information[,']' under the conditions described in § 99.37"), 99.37 (governing the conditions of disclosure of "directory information" under FERPA); 20 U.S.C. § 1232g(5)(A)-(B). Moreover, Plaintiff provides no basis to support its assertions that the "University Registrar will have the most viable means to contact Anderson given her status as an active enrolled student" and that "[a]ny process delivered to the Registrar can be readily conferred to Anderson and the Registrar is in the best position to convey this process to Anderson." (Doc. 18 at pp. 8-9). Absent such evidence and support, the Court cannot conclude that service through the Office of the Registrar at Morgan State University would be reasonably calculated to give actual notice to Anderson.

Under these circumstances, Plaintiff's request for alternative service on Anderson is denied without prejudice, and Plaintiff is directed to serve Anderson with any method authorized by the federal or applicable state rules. Should Plaintiff remain unable to serve Anderson through good faith efforts under the statutorily prescribed means described above, Plaintiff may file a renewed motion seeking an order permitting alternative service as to Anderson.

## IV. CONCLUSION

Accordingly, upon due consideration, Plaintiff's Motion for Leave to Serve Via Electronic Mail and Other Alternative Means (Doc. 18) is **GRANTED in part** and **DENIED in part**. Plaintiff's request to serve Defendant Alafandi by email to smc55951716@gmail.com, smillin1945@gmail.com, and through Frederic Douglass by email is granted. Plaintiff's request to serve Defendant Anderson through the Office of the Registrar at Morgan State University by mail and email is denied without prejudice.

**DONE** and **ORDERED** in Ocala, Florida on August 25, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties