# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**SIGNATURE FLIGHT SUPPORT LLC,**

    **Plaintiff,**

v.                                                          Case No: 5:25-cv-469-GAP-PRL

**ANTHONY CELLA, SONNY LEE, SHIANTI ANDERSON, RAMZI ALAFANDI, and SIGNATURE FLIGHT SUPPORT LLC SIGNATURE PLAZA,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Entry of Clerk's Default Against Anthony Cella, Sonny Lee, and Signature Flight Support LLC Signature Plaza filed by Plaintiff Signature Flight Support LLC ("SFS" or "Plaintiff"). (Doc. 23). Plaintiff seeks entry of default against three of the five defendants in this action—Anthony Cella ("Cella"), Sonny Lee ("Lee"), and Signature Flight Support LLC Signature Plaza ("Plaza"). (*Id.* at pp. 1-2). For the reasons explained below, Plaintiff's motion will be granted in part, such that the Court will direct the Clerk to enter a default against Cella and Lee.

I. **BACKGROUND**

Plaintiff initiated this action against Cella, Lee, Plaza, Shianti Anderson, and Ramzi Alafandi (collectively, the "Defendants") on July 25, 2025, alleging that Defendants have engaged in an ongoing conspiracy to imitate SFS to steal money from SFS and asserting claims for trademark infringement, false designation of origin, cybersquatting, conversion, and conspiracy. (Doc. 1). On August 5, 2025, Plaintiff filed a Certification Regarding Service, stating that it served Plaza on July 31, 2025, Lee on August 1, 2025, and Cella on August 1, 2025. (Doc. 14 at pp. 1-2). The next day, on August 6, 2025, Plaintiff filed proofs of service, detailing its service of process on Cella, Lee, and Plaza. (Docs. 15-17). To date, neither Cella, Lee, nor Plaza has appeared in this case.

Plaintiff now seeks entry of a clerk's default against Cella, Lee, and Plaza pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 23). Plaintiff contends that Cella, Lee, and Plaza were all properly served as evidenced by the proofs of service filed with the Court on August 6, 2025. (*Id.* at p. 2).

II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 55(a) governs the entry of a clerk's default, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether the plaintiff properly effected service of process on the defendant because, without effective service of process, the Court "lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (per curiam) (citing *In*

*re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted). "The serving party has the burden of showing that the opposing party was properly served." *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-cv-1541-ORL-31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (citation omitted); *see Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FTM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (indicating that it is the plaintiff's burden to establish effective service of process); *see also Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process on individual defendants and corporate defendants. *See generally* Fed. R. Civ. P. 4. For an individual defendant, Rule 4(e) provides several methods of service, which include: (1) following the law of the state where the district court is located or where service is made; (2) delivering a copy of the summons and complaint to the defendant personally; (3) leaving a copy of each at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to the defendant's agent authorized by appointment or law to receive service of process. *See* Fed. R. Civ. P. 4(e).

Under Florida law, Fla. Stat. § 48.031 permits service on an individual by: (1) "delivering a copy of [the original process] to the person to be served with a copy of the complaint"; or (2) "leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." *See* Fla. Stat. § 48.031(1)(a); *see also* Fla. Stat. § 48.031(2)(a) (providing that substitute service

may be made on the spouse of the person to be served if the spouse and the person to be served are residing together in the same dwelling).

For a corporate defendant, Rule 4(h) requires service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service process . . . ." *See* Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

In the state of Florida, service of process on limited liability companies is governed by Fla. Stat. § 48.062. *See generally* Fla. Stat. § 48.062. Section 48.062 states, in relevant part, that:

> If the address for the registered agent or any person listed public by the domestic limited liability company . . . on its latest annual report, . . . is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic limited liability company . . . may be made by serving . . . [t]he registered agent[,] . . . [a]ny person listed publicly by the domestic limited liability company . . . on its latest annual report, [or] . . . [a]ny member or manager of the domestic limited liability company . . . in accordance with [§] 48.031.

Fla. Stat. § 48.062(5). Section 48.031, in turn, provides that:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Fla. Stat. § 48.031(6)(a). Thus, Fla. Stat. § 48.031(6)(a) only permits substitute service at a private mailbox, virtual office, executive office, or mini suite if (1) "it is the only address discoverable through the public records," and (2) "the process server determines that the

person to be served maintains a mailbox at that location." *See Weinstock v. Harvey*, No. 8:19-cv-2979-T-33AEP, 2020 WL 13133417, at *2 (M.D. Fla. Jan. 29, 2020) (quoting *ViSalus, Inc. v. Then*, No. 3:13-cv-109-J-99TJC-MCR, 2013 WL 3682239, at *2 (M.D. Fla. July 12, 2013)).

### III. DISCUSSION

#### A. Anthony Cella and Sonny Lee

The return of service for Cella reflects that he was personally served with process on August 1, 2025. (*See* Doc. 17-1 at p. 1). The proof of service for Lee reflects that on August 1, 2025, service was made on his partner, Sarah Lee, a person of suitable age and discretion who resides there. (*See* Doc. 15-1 at p. 2). Service of process was therefore properly effected pursuant to Rule 4(e) and Fla. Stat. § 48.031. Thus, Plaintiff's request for entry of a clerk's default against Cella and Lee is due to be granted.

#### B. Signature Flight Support LLC Signature Plaza

As to Plaza, Plaintiff has not established that service was properly effected. In the motion, Plaintiff generally states that "Plaza was properly served at its registered office on July 31, 2025." (Doc. 23 at p. 1). The verified return of service for Plaza indicates that service was effected in accordance with Fla. Stat. § 48.031(6) for service on a "PRIVATE MAIL BOX – EXECUTIVE / VIRTUAL OFFICE," with the process server attesting that he served "Zack Jorge, AUTHORIZED TO ACCEPT" at 1032 E. Brandon Blvd., #5701, Brandon, Florida 33511. (*See* Doc. 16-1 at p. 1).

Plaintiff makes no effort to show that service on Zack Jorge ("Jorge") at Plaza's purported registered office satisfies Fla. Stat. § 48.031(6)(a), Rule 4(h)(1), or any other governing law for service of process on a corporate defendant. Indeed, Plaintiff's motion provides no other information on Jorge or his relationship with Plaza for the Court to

determine whether service upon Jorge on behalf of Plaza was proper in this instance. Specifically, with regard to service under Fla. Stat. § 48.031(6)(a), which the process server relies on in the verified return of service as the manner of service effected upon Jorge (*see* Doc. 16-1 at p. 1), Plaintiff has not shown that the address used for service was the "only address discoverable through the public records," nor does the verified return of service state that the process server confirmed that Jorge maintains a mailbox at that address. *See Weinstock*, 2020 WL 13133417, at *2; *Plumbers & Pipefitters Loc. Union No. 803 v. Adler Mech., Inc.*, No. 6:15-cv-877-ORL-28GJK, 2018 WL 7954543, at *3 (M.D. Fla. May 1, 2018) (finding that plaintiffs failed to show proper service of process under Fla. Stat. § 48.031(6)(a) because "the [m]otion or the [a]ffidavit d[id] not state that Four Principles, LLC's private mailbox [wa]s the only address discoverable through public records" and "the [a]ffidavit d[id] not provide any facts showing the process server's determination that Four Principles, LLC currently maintains a private mailbox at the address provided in the [a]ffidavit"); *Schemming v. Daman Transp. Servs., Inc.*, No. 8:19-cv-400-T-35JSS, 2019 WL 13270775, at *3 (M.D. Fla. Apr. 2, 2019) (denying without prejudice plaintiff's motion for entry of clerk's default where the return of service for the corporate defendant was silent as to the requirements set forth in Fla. Stat. § 48.031(6)(a)).

In addition, Plaintiff has not shown that service of process was properly effectuated on Plaza pursuant to Rule 4(h)(1). As noted above, to properly serve Plaza under Rule 4(h)(1)(B), Plaintiff was required to "deliver[ ] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." *See* Fed. R. Civ. P. 4(h)(1)(B). In the motion, Plaintiff does not demonstrate that Jorge held any of these positions, nor do public records on the Florida Department of State, Division of Corporations' website indicate that Jorge is affiliated with

Plaza in any way. *See Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, No. 8:20-cv-1536-MSS-JSS, 2020 WL 10055354, at *1 (M.D. Fla. Dec. 7, 2020) (determining that the plaintiff failed to establish that service was proper under Rule 4(h)(1)(B) because there was no evidence that the person served was an officer, a managing or general agent, or an agent authorized by appointment or law to receive service of process on behalf of the corporate defendant); *3Lions Publ'g, Inc. v. Mkt. Rsch., Inc.*, No. 8:14-cv-2018-T-23EAJ, 2015 WL 12850595, at *1 (M.D. Fla. Jan. 22, 2015) (finding service of process to be inadequate under Rule 4(h)(1)(B) because the plaintiff offered no support that the person served was an officer of the corporate defendant). Even if Jorge told the process server that he was authorized to accept service and then accepted service, that is not conclusive as to whether Jorge was actually authorized to receive process on behalf of Plaza. *See United States v. Demesmin*, No. 6:17-cv-36-ORL-31KRS, 2018 WL 1988864, at *3 (M.D. Fla. Mar. 14, 2018) (finding that an individual's statement indicating that he or she is authorized to receive service of process and subsequent acceptance of service does not prove that the individual was actually authorized to receive service of process).

As a result of the lack of information and requisite detail in Plaintiff's motion and the verified return of service, the Court cannot conclude that Plaintiff properly effected service of process on Plaza. Therefore, Plaintiff's request for entry of a clerk's default against Plaza is due to be denied without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Entry of Clerk's Default Against Anthony Cella, Sonny Lee, and Signature Flight Support LLC Signature Plaza (Doc. 23) is **GRANTED in part** and **DENIED in part**. Plaintiff's request for entry of default against Anthony Cella and Sonny Lee is granted. Plaintiff's request for entry of default against Signature Flight Support LLC Signature Plaza is denied without prejudice.

(2) The Clerk is **directed** to enter default against Anthony Cella and Sonny Lee.

(3) Plaintiff may file a renewed motion that addresses the deficiencies identified in this Order on or before **October 27, 2025**, or alternatively, it may re-serve Signature Flight Support LLC Signature Plaza **within 30 days** of the entry date of this Order.

**DONE** and **ORDERED** in Ocala, Florida on September 29, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties