UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SIGNATURE FLIGHT SUPPORT LLC,**

      **Plaintiff,**

**v.**                                          **Case No: 5:25-cv-469-GAP-PRL**

**ANTHONY CELLA, SONNY LEE, SHIANTI ANDERSON, and RAMZI ALAFANDI,**

      **Defendants.**

_____

## ORDER

This cause comes before the Court on a Motion for Leave to Serve Discovery Before Rule 26(f) Conference filed by Signature Flight Support LLC ("SFS" or "Plaintiff"). (Doc. 28). Plaintiff seeks leave to serve a third-party subpoena on JPMorgan Chase Bank ("Chase Bank") to obtain documents identifying the individual(s) associated with the bank account opened in the name of Signature Flight Support-TEB1 ("TEB1 Account"). (*Id.* at pp. 2-4). Plaintiff states that it requires this information from Chase Bank to determine whether the Defendants were involved in the theft of a check in SFS's name and the opening of the TEB1 Account at Chase Bank, in order to factually substantiate its allegations and calculate damages when it moves for entry of default judgment. (*Id.* at pp. 1, 3, 5-6). Upon due consideration, Plaintiff has shown that good cause exists to grant the motion.

I.    BACKGROUND

On July 25, 2025, Plaintiff[1] sued Anthony Cella ("Cella"), Sonny Lee ("Lee"), Shianti Anderson ("Anderson"), Ramzi Alafandi ("Alafandi"), and Signature Flight Support LLC Signature Plaza[2] ("Plaza") (collectively, the "Defendants"), alleging that Defendants have engaged in an ongoing scheme to impersonate SFS for purposes of fraudulently obtaining and cashing checks in SFS's name. (Doc. 1; *see* Doc. 28). Specifically, Plaintiff alleges that Cella, Lee, Anderson, and Alafandi (collectively, the "Individual Defendants") have undertaken a conspiracy to imitate SFS, filing false and fraudulent annual reports on behalf of SFS with the Florida Division of Corporations, and misrepresenting themselves as representatives of SFS to induce the Internal Revenue Service to send them checks totaling nearly $3 million for payments due to SFS. (Doc. 1 at ¶¶ 2, 19-20, 31, 70; *see* Doc. 1-3). The Individual Defendants have purportedly never had the authority to act on behalf of SFS. (Doc. 1 at ¶ 21). Plaintiff asserts claims for trademark infringement, false designation of origin, cybersquatting, conversion, and conspiracy. (*Id.* at pp. 7-13). Plaintiff seeks monetary damages, and attorneys' fees and costs. (*Id.* at ¶¶ 44, 52, 59, 65).

On July 29, 2025, the Court issued a temporary restraining order ("TRO") pending the issuance of a preliminary injunction. (Doc. 10). On August 12, 2025, the Court converted the TRO into a preliminary injunction. (Doc. 20).[3] Plaintiff served Cella (*see* Doc. 17; Doc.

---

[1] As noted in prior Orders, Plaintiff licenses several U.S. registered trademarks ("SFS Marks") from an affiliate company, Signature Flight Support UK Regions Limited, in connection with its business that operates fixed base operations, providing general aviation ground support services at more than 200 airports around the globe. (*See* Doc. 2 at p. 2; Doc. 2-3).

[2] On October 14, 2025, Plaintiff filed a Notice of Voluntary Dismissal of Signature of Signature Flight Support LLC Signature Plaza. (Doc. 29). Based on this notice, the Court dismissed the case against Plaza pursuant to Federal Rule of Civil Procedure 41(a). (Doc. 30).

[3] In its Order, the Court ordered Defendants temporarily enjoined and restrained until further order from the following: (1) "using the terms 'SIGNATURE,' 'SIGNATURE FLIGHT SUPPORT,'

17-1) and Lee (*see* Doc. 15; Doc. 15-1) on August 1, 2025, and Alafandi (*see* Doc. 22) on August 26, 2025.[4] After failing to respond, Plaintiff moved for a clerk's entry of default against Cella and Lee (Doc. 23) on September 9, 2025, and Alafandi (Doc. 26) on October 9, 2025. The Clerk has entered default against Cella, Lee, and Alafandi. (Doc. 25; Doc. 27).

Plaintiff now files this instant motion, seeking permission to serve a subpoena on Chase Bank to obtain documents for the purpose of identifying the individual(s) associated with opening and transacting with the TEB1 Account. (*See* Doc. 28). Plaintiff claims that an unknown individual attempted to deposit a stolen check in SFS's name into the TEB1 Account at Chase Bank in Tampa, Florida, on or about September 26, 2025, and as a result, it requires the issuance of a subpoena on Chase Bank to determine whether the Defendants are responsible for or involved with the impersonation of SFS through the TEB1 Account and potential damages resulting from such conduct. (*See id.* at pp. 1-3). Because Cella, Lee, and Alafandi have failed to appear in this case, Plaintiff contends that the required information

---

and any stylized versions thereof in connection with any actual or purported activity"; (2) "adopting the SFS Marks, as listed in Doc 1-1, or any mark confusingly similar to the SFS Marks in connection with any actual or purported activity"; (3) "falsely representing themselves or any of their affiliates to any third party as an agent or representative of SFS, affiliated with SFS, having any authority over SFS, or otherwise being related in any way to SFS"; and (4) "submitting any documents to the Florida Division of Corporations ('FDOC') or Internal Revenue Service ('IRS') purported to be by, for, or on behalf of, SFS (other than the submission of documents to dissolve Plaza)." (*Id.*).

[4] The Court notes that Plaintiff has been unsuccessful in serving process on Anderson. On August 11, 2025, Plaintiff sought leave from the Court to allow alternative service means for effectuating service on Anderson via email and mail to the Office of the Registrar at Morgan State University. (Doc. 18). The Court denied Plaintiff's request for alternative service on Anderson because Plaintiff did not demonstrate good faith efforts to serve Anderson by traditional means. (*See* Doc. 21 at pp. 10-14). As a result, the Court directed Plaintiff "to serve Anderson with any method authorized by the federal or applicable state rules" and "[s]hould Plaintiff remain unable to serve Anderson through good faith efforts under the statutorily prescribed means described . . ., Plaintiff may file a renewed motion seeking an order permitting alternative service as to Anderson." (*See id.* at p. 13). No renewed motion has been filed to date.

can only be obtained from Chase Bank and that good cause exists for it to seek expedited discovery prior to the initial case management conference. (*See id*. at pp. 3-6).

## II.    LEGAL STANDARDS

A court has broad discretion in managing discovery, including dictating the sequence of discovery. *See Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. *See* Fed. R. Civ. P. 26(f)(1). Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f), a court may nonetheless permit expedited discovery before a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (stating that a party may seek discovery prior to the Rule 26(f) conference "when authorized by . . . court order").

A party seeking leave to conduct expedited discovery must establish that there is good cause for doing so. *See Malibu Media, LLC v. Doe*, No. 8:15-CV-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015) (citations omitted); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citations omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless, Inc., LLC*, 299 F.R.D. at 694 (citation omitted); *see Donovan v. Doe-I-VIII*, No. 21-20499-CIV, 2021 WL 7287639, at *1 (S.D. Fla. Apr. 14, 2021) (observing that "[w]hile the Eleventh Circuit has not adopted a standard for allowing expedited discovery, an 'increasing majority' of district courts, including district courts within the Eleventh Circuit, ha[ve] applied the 'more general' good-cause standard[,]" which allows expedited discovery when the need for it outweighs the prejudice to the responding party) (citations omitted); *see also Polisi v. Desantis*, No. 6:25-cv-

256-WWB-LHP, 2025 WL 1940318, at *2 (M.D. Fla. July 15, 2025) ("The primary purpose of expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoilation or when the suit cannot reasonably proceed without the information.") (citation and internal quotation marks omitted).

## III.  DISCUSSION

The Court finds that good cause exists to allow Plaintiff to conduct expedited discovery with the issuance of the non-party subpoena on Chase Bank. Defendants have not appeared in this action to date. As such, it is unclear when and if the parties will conduct a Rule 26(f) conference. In addition, Plaintiff has shown that Chase Bank is likely to have information pertaining to the individual(s) associated with opening and transacting with the TEB1 Account that Plaintiff cannot otherwise obtain, and Plaintiff requires such information to support a motion for entry of default judgment. *See Commodity Futures Trading Comm'n v. Highrise Advantage, LLC*, No. 6:20-cv-1657-ORL-41GJK, 2020 WL 6270916, at *1-2 (M.D. Fla. Sept. 25, 2020) (finding that good cause existed to permit plaintiff, *inter alia*, to issue subpoenas to third parties while a motion for preliminary injunction was pending and prior to the Rule 26(f) conference so that plaintiff could "gain information regarding pool participants, including identifying and locating assets of those who may have been defrauded"); *DISH Network LLC v. One Box TV, LLC*, No. 8:19-cv-2147-T-30SPF, 2019 WL 13262545, at *1-2 (M.D. Fla. Oct. 21, 2019) (finding that good cause existed to allow plaintiff to serve a third-party subpoena on defendants' payment processors and financial institutions prior to the Rule 26(f) conference so that plaintiff could ascertain "the number of Device Codes sold by Defendants and that this number [wa]s necessary to determine the number of

violations committed by the Defendants in order to calculate statutory damages" in support of a motion for entry of default judgment). Therefore, the Court will permit Plaintiff to serve the subpoena, which is attached to the motion (*see* Doc. 28-1), on Chase Bank prior to the Rule 26(f) conference.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Serve Discovery Before Rule 26(f) Conference (Doc. 28) is **GRANTED**, provided that Plaintiff complies with the notice requirements set forth in Federal Rule of Civil Procedure 45(a)(4) before serving the subpoena.

**DONE** and **ORDERED** in Ocala, Florida on October 16, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties