**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SIGNATURE FLIGHT SUPPORT LLC,**

**Plaintiff,**

**v.** **Case No: 5:25-cv-469-GAP-PRL**

**ANTHONY CELLA, SONNY LEE, and RAMZI ALAFANDI,**

**Defendants.**

---

**REPORT AND RECOMMENDATION**[1]

This cause comes before the Court on Plaintiff's Supplemental Motion to Determine Amount of Attorneys' Fees. (Doc. 41). Plaintiff requests an award of $73,236.50 in attorneys' fees and $1,690.30 in costs incurred in this action. (*Id*. at pp. 1, 7). For the reasons explained below, the undersigned recommends that Plaintiff's motion be granted to the extent that Plaintiff be awarded reasonable attorneys' fees of $60,717.50 and costs of $730.00.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I. BACKGROUND

Plaintiff filed this trademark infringement action on July 25, 2025. (Doc. 1). Simultaneously with the filing of the complaint, Plaintiff moved for a temporary restraining order ("TRO"). (Doc. 2). On July 29, 2025, the Court issued a TRO pending the issuance of a preliminary injunction, and set a hearing on August 12, 2025 for Defendants to show cause why the TRO should not be converted to a preliminary injunction. (Docs. 10-11). On August 12, 2025, the Court converted the TRO into a preliminary injunction, after Defendants failed to file a written response to the motion and did not appear in Court for the hearing. (Doc. 20). On November 4, 2025, Plaintiff then moved for a final default judgment against Defendants Anthony Cella, Sonny Lee, and Ramzi Alafandi, who failed to file an answer or otherwise respond to the complaint. (Doc. 32).[2]

On May 1, 2026, the undersigned issued a report, recommending that Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction against Defendants Anthony Cella, Sonny Lee, and Ramzi Alafandi be granted, and finding that Plaintiff is entitled to recover its reasonable attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a). (Doc. 37). On May 18, 2026, the Court issued an Order adopting the undersigned's Report and Recommendation and directed Plaintiff to file a motion for attorney's fees and supporting evidence to determine the amount of attorney's fees to which Plaintiff is entitled to recover. (Doc. 38).

Pursuant to the Court's Order, Plaintiff now moves for an award of attorneys' fees and costs pursuant to the Lanham Act, seeking $73,236.50 in attorneys' fees and $1,690.30 in

[2] Defendant Signature Flight Support LLC Signature Plaza was dismissed on October 15, 2025 (Doc. 30) and Defendant Shianti Anderson was dismissed on November 12, 2025 (Doc. 36).

costs. (Doc. 41). In support of its motion, Plaintiff submitted an affidavit from attorney Adam Losey testifying as to the reasonableness of the attorneys' fees and costs, along with detailed billing records attached to the affidavit. (Doc. 41-1).

## II. LEGAL STANDARDS

The Lanham Act permits an award of reasonable attorney's fees to the prevailing party in "exceptional" cases in trademark infringement actions. *See* 15 U.S.C. § 1117(a). In determining the amount of reasonable attorney's fees to be awarded, courts apply the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Once the court has determined the lodestar, it may adjust the amount upward or downward based upon several factors, including the results obtained by the prevailing party. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). As such, the court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *See id*. (citing *Hensley*, 461 U.S. at 434-36). Ultimately, however, "the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Indeed, the court is "an expert on

the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *See Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

## III. DISCUSSION

Plaintiff requests an award of $73,236.50 in attorneys' fees based on 137.8 billable hours of legal work performed by attorneys Adam Losey, Ian Johnson, and Vincent Citro, and paralegal Cindy Leadholm, and costs of $1,690.30 for filing fees, service of process fees, and courthouse parking fees. (*See* Doc. 41 at pp. 4-7). The requested hourly rates range from $260 to $850. (*See id*. at p. 4).

### A. Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. Attorneys must exercise their own "billing judgment" and exclude any hours that are "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434; *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (per curiam) (quoting *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)). In demonstrating that their hours are reasonable, counsel should present records detailing the amount of work performed, which "show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *See Norman*, 836 F.2d at 1303 (citations omitted); *see also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) ("Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary."). In calculating

the hours reasonably expended on litigation, the court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *See Norman*, 836 F.2d at 1301-02; *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.") (citing *Loranger*, 10 F.3d at 783).

Here, Plaintiff seeks compensation for 137.8 hours of legal work performed by attorneys Adam Losey, Ian Johnson, and Vincent Citro, and paralegal Cindy Leadholm. (*See* Doc. 41 at p. 4; Doc. 41-1 at p. 2). Mr. Losey, who has practiced since 2009, submitted detailed time sheets to his affidavit, showing that he worked 5.8 hours; that Mr. Johnson, who has practiced since 2020, worked 74.1 hours; that Mr. Citro, who has practiced since 2001, worked 33.6 hours; and that paralegal Leadholm worked 24.3 hours. (*See* Doc. 41-1 at pp. 3-12). Plaintiff contends that the number of hours expended on this litigation is reasonable, despite the case's resolution on a default judgment, because it took a significant amount of time to investigate the scheme itself, draft and prepare the filed pleadings and motions, prepare for the hearing on the motion for TRO and preliminary injunction, review corporate records across multiple states, locate and serve process on multiple defendants, and conduct discovery (including requesting and reviewing documents from multiple financial institutions, reviewing hours of body-worn camera footage, and interviewing one of the defendants). (*See* Doc. 41 at p. 4). Plaintiff notes that it omitted the hours expended in drafting this instant motion. (*See id.* at p. 5).

Upon a complete review of the time entries and Mr. Losey's affidavit, and considering the nature of this case, the undersigned finds that the hours expended are reasonable.

**B. Reasonableness of Hourly Rates**

Next, the Court must determine the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299 (citations omitted). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is "the place where the case is filed." *See ACLU of Ga.*, 168 F.3d at 437 (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). Here, that is Ocala, Florida.

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *See Norman,* 836 F.2d at 1299 (citations omitted). Satisfactory evidence generally includes evidence of rates charged by lawyers under similar circumstances or opinion evidence of reasonable rates. *See id*. The trial court itself is an expert on the reasonableness of fees and may consider its own knowledge and experience for this market. *See id*. at 1303; *Scelta Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) ("[T]he court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services.") (citing *Norman*, 836 F.2d at 1303).

Plaintiff seeks the following hourly rates for the attorneys and paralegal that spent time on this case: $545 for Mr. Losey; $475 for Mr. Johnson; $850 for Mr. Citro; and $260

for paralegal Leadholm. (*See* Doc. 41 at p. 4; Doc. 41-1 at p. 2).[3] Plaintiff indicates that its counsel has endeavored to remove administrative or non-recoverable time entries. (*See* Doc. 41 at p. 5).

Mr. Losey represents that he was admitted to the Florida Bar in 2009, has "extensive experience in complex litigation in both state and federal courts," and states that his current hourly rate is $1,200. (*See* Doc. 41-1 at p. 3). He further attests that Mr. Johnson was admitted to the Florida Bar in 2020, has "experience in complex commercial, civil, and intellectual property litigation matters," and his current hourly rate is $495. (*See id*. at p. 4). Finally, Mr. Losey attests that Mr. Citro was admitted to the Florida Bar in 2001, and that he has "substantial experience in complex criminal and civil litigation. . . includ[ing] extensive trial experience, with Mr. Citro having tried over 30 cases to verdict in state and federal courts[,]" and that he serves as a Fellow in the American College of Trial Lawyers (ACTL). (*See id*.). Notably, Mr. Losey did not explain paralegal Leadholm's relevant work experience or otherwise support her higher-than-average rate for this community as a paralegal.

While this case was well litigated, and Mr. Citro's extensive experience is well known to the Court, the requested rates are all higher than those rates generally awarded in this market. The complexity of this intellectual property case—as described in the pleadings—does justify a higher rate, but not quite as high as those sought. Based on my experience and knowledge with the prevailing market rates, and drawing from my expertise about the market and considering the nature of this case as well as the scope of the

[3] For associate attorney Johnson, the Court notes that he charged $495 for services rendered in May 2026. (*See* Doc. 41-1 at p. 10).

investigation, I submit the following hourly rates are reasonable for the work performed in the case in this market: $500 for Mr. Losey, $425 for Mr. Johnson, $675 for Mr. Citro, and $150 for paralegal Leadholm. *See, e.g.*, *Cardinale v. Vitamin Emporium, Inc.*, No. 6:21-cv-379-ACC-DAB, 2023 WL 2931047, at *3 (M.D. Fla. Jan. 26, 2023) (indicating that "[a] recent case in th[e] [Middle District of Florida] evaluating attorney's fees in a trademark action found reasonable hourly rates ranged between $350 and $450 for partners, between $250 and $350 for associates, and between $100 and $125 for paralegals") (citing *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-ORL-41-TBS, 2017 WL 3037497, at *7 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 3022712 (M.D. Fla. July 17, 2017)); *Allied Bldg. Inspection Servs., Inc. v. Allied Home Inspections FL, LLC*, No. 5:18-cv-372-OC-30PRL, 2019 WL 12618210, at *1 (M.D. Fla. July 9, 2018) (finding reasonable hourly rates of $475 for an attorney with 22 years of experience, $300 for an attorney with 5 years of experience, and $150 for a law clerk in a trademark infringement action in the Middle District of Florida, Ocala division); *see Duraserv LLC v. Action Garage Door Repair Corp.*, No. 2:24-cv-996-KCD-DNF, 2025 WL 2652858, at *2 (M.D. Fla. Sept. 16, 2025) (finding hourly rate of $500 to be reasonable for partner-level work in trademark infringement action); *Carlo Bay Enter., Inc. v. Two Amigo Rest., Inc.*, No. 8:14-cv-1989-T-33TGW, 2015 WL 58664, at *2 (M.D. Fla. Jan. 5, 2015) (finding hourly rate of $425 reasonable in Lanham Act case); *Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-cv-424-T-27JSS, 2021 WL 3111553, at *3 (M.D. Fla. July 22, 2021) (reducing paralegal's hourly rate from $275 to $125 due to lack of evidence of her experience or instances where she was compensated at a higher rate, which reflected the prevailing rate for paraprofessionals in the Middle District of Florida); *Parsons v. Regna*, No. 6:20-cv-123-RBD-LHP, 2023 WL

6849832, at *7 (M.D. Fla. Sept. 18, 2023), *report and recommendation adopted*, 2023 WL 6845308 (M.D. Fla. Oct. 17, 2023) (noting that an hourly rate of $150 is "on the high side" for paralegal work in the Central Florida market) (citations omitted).

The undersigned finds, in particular, that an hourly rate of $675 for Mr. Citro, who served as lead counsel for Plaintiff in this matter, is reasonable and appropriate given his vast and extensive experience in complex litigation. *See Fantasia Distribution, Inc. v. S. Wholesale, LLC*, No. 8:14-cv-00407-T-27TGW, 2015 WL 12831294, at *2 (M.D. Fla. May 8, 2015) (determining a partner's hourly rate of $625 to be reasonable based on the hours and complexity of the work performed in Lanham Act case); *RedBox+ Int'l, LLC v. Waste Mgmt. Sols., Inc.*, No. 8:23-cv-393-CEH-SPF, 2023 WL 8438571, at *10 (M.D. Fla. Oct. 5, 2023), *report and recommendation adopted*, 2023 WL 8438920 (M.D. Fla. Dec. 5, 2023) (finding hourly rate of $565 as reasonable for a partner with almost 30 years of litigation experience in a trademark action).

Plaintiff's reliance on *Durant v. Big Lots, Inc.*, No. 5:23-cv-561-GAP-PRL, 2024 WL 5658810, at *6 (M.D. Fla. Sept. 25, 2024), *aff'd sub nom. Sheehan v. Big Lots, Inc.*, No. 24-13354, 2025 WL 2461617 (11th Cir. Aug. 27, 2025), is helpful insofar as the Court's recommendation here is still above market rates for Ocala, but it does not go as far as the Plaintiff seeks because there are differences in the litigation. Specifically, the much higher-than-average market rates awarded in *Big Lots* were sought by a firm out of Los Angeles (among other differences) to defend a national class action consumer products liability case.

Accordingly, the undersigned recommends awarding Plaintiff attorneys' fees of $60,717.50, based on the following breakdown: $2,900.00 for work performed by attorney Losey (5.8 hours x $500 = $2,900.00); $31,492.50 for work performed by attorney Johnson

(74.1 hours x $425 = $31,492.50); $22,680.00 for work performed by attorney Citro (33.6 hours x $675 = $22,680.00); and $3,645.00 for work performed by paralegal Leadholm (24.3 hours x $150 = $3,645.00).

**C. Costs**

Plaintiff also moves for an award of costs, seeking to recover a total of $1,690.30 in costs based on the following: $405.00 filing fee; $1,175.30 process server fees; $10.00 courthouse parking fee; and $100.00 filing fee for fictitious business name cancellation forms. (*See* Doc. 41 at pp. 6-7; Doc. 41-1 at pp. 2-3).

Costs may be awarded under the Lanham Act, *see* 15 U.S.C. § 1117(a), and Federal Rule of Civil Procedure 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs. Because § 1117(a) does not specify which costs are recoverable, courts have determined that recoverable costs are those enumerated in 28 U.S.C. § 1920. *See Hosp. Int'l, Inc. v. Sitaram, Inc.*, No. 3:12-cv-01145-99MMH, 2013 WL 6798927, at *10 (M.D. Fla. Dec. 23, 2013) (citation omitted). Section 1920 enumerates the following as taxable costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. *See* 28 U.S.C. § 1920. A court is prohibited from taxing costs "in excess of those permitted by § 1920." *See Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *3 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007) (citing

*Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988)).

As relevant here, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921," *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000), so long as those costs "do not exceed the cost of having the U.S. Marshal's service effectuate service," *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (citing *W&O, Inc.*, 213 F.3d at 623-24); *see Magaldi v. Safeco Ins. Co. of Am.*, No. 07-80618-CIV, 2009 WL 1851102, at *6 (S.D. Fla. June 29, 2009) (collecting cases and stating that "[i]t is well settled that costs for having a private process server serve . . . subpoenas are compensable to the extent the private process server's fees are limited to the fees authorized in 28 U.S.C. § 1921. . . . In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Office effected the service") (citations omitted).

While the $405.00 filing fee for this litigation is fully taxable as "fees of the clerk" under § 1920(1), the undersigned finds that some of Plaintiff's other requested costs are inappropriate. First, Plaintiff is not entitled to recover $10.00 in costs for courthouse parking fees under § 1920. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (per curiam) ("[C]osts such as . . . courthouse parking fees . . . are clearly nonrecoverable under § 1920.") (quoting *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)). Second, the requested amount of $1,175.30 in private process server fees exceeds the amount charged by the U.S. Marshals Service for service of process. Here, it appears that Plaintiff endeavors to recover process charges in the amounts of $637.10 (payments for Sonny Lee), $154.70 (one payment for Signature Flight Support LLC Signature Plaza and one payment for Anthony Cella), and $114.40 (one payment for Elvin Serrano and one payment for Mariah Rivas). (*See* Doc. 41 at pp. 6-7; Doc. 41-1 at p. 2-3).

The U.S. Marshals Service charges $65.00 for service of process. *See* 28 C.F.R. § 0.114(a)(3) (providing that the U.S. Marshals Service is authorized to collect $65.00 per hour for each item personally served, plus travel costs and any other out-of-pocket expenses). Accounting for the five attempts at the appropriate rate, Plaintiff is entitled to only $325.00 in costs for service of process. Finally, Plaintiff is not entitled to recover the $100.00 in costs for the filing fee for fictitious business name cancellation forms because that specific administrative expense is not enumerated as a taxable cost under § 1920. *See* 28 U.S.C. § 1920 (enumerating allowable costs).

Accordingly, the undersigned recommends awarding Plaintiff costs of $730.00, based on the $405.00 filing fee and $325.00 for process server fees.

## IV. RECOMMENDATION

Accordingly, for the foregoing reasons, it is **respectfully recommended** that Plaintiff's Supplemental Motion to Determine Amount of Attorneys' Fees (Doc. 41) be **GRANTED to the extent that** Plaintiff be awarded $60,717.50 in attorneys' fees and $730.00 in costs.

**Recommended** in Ocala, Florida on August 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy